(October 10, 1916.)

## WASHINGTON SNYDER, Respondent, v. CHARLES E. CONN et al., Appellants.

[160 Pac. 654.]

FINDINGS OF FACT—SUFFICIENCY OF EVIDENCE.

1. *Held,* that the evidence is sufficient to support the findings of fact.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. W. W. Woods, Judge.

Action to recover for goods, wares and merchandise sold and delivered, and for zinc ore appropriated without the owner's consent. Judgment for plaintiff. *Affirmed.*

Walter H. Hanson and Therrett Towles, for Appellants.

Featherstone & Fox, for Respondent.

Citations of authority not in point on decision.

SULLIVAN, C. J.—This action was brought to recover on two causes of action, one for merchandise sold and delivered and the other for zinc ore alleged to have been converted by the defendants to their use without the consent of plaintiff.

The defense to the first cause of action was that the action was brought before said debt became due, but it was admitted that it was due at the time of filing the answer. Defendants aver, as a defense to the second cause of action, that they were the owners of the ore by reason of a lease they had upon the mine, and that the value of the ore they found on the dump of said mine and appropriated was worth only about $75.

Upon the issues made by the pleadings the trial was had by the court without a jury, and the court made findings of fact and conclusions of law and entered judgment in favor of the plaintiff on both causes of action for the amounts claimed in the complaint.

Several errors are assigned by the appellants but they are substantially all included in the assignment of the insufficiency of the evidence to sustain the findings of fact. We have examined the evidence with some care and are clearly of the opinion that it supports the findings of the court. That being true, there was no error in denying the motion of the defendants for a nonsuit, and the court did not err in entering judgment in favor of the respondent.

The judgment is therefore affirmed. Costs in favor of respondent.

Budge and Morgan, JJ., concur.